IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| PAUL WEEKS, <br> 224 Marshall Ct. <br> Havre De Grace, MD 21078 <br>   Harford County <br><br>        Plaintiff, <br><br>   v. <br><br> GC SERVICES, LP, <br> 6330 Gulfton <br> Houston, TX 77081 <br>   SERVE: <br> CT Corporation System <br> 1999 Bryan St., Ste. 900 <br> Dallas, TX 75201-3136 <br><br>        Defendant. | Civil Action No. _____ <br><br> **PLAINTIFF'S COMPLAINT FOR DAMAGES** <br> **(Fair Debt Collection Act)** <br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT**

   NOW COMES Plaintiff, PAUL WEEKS ("Plaintiff"), through his attorneys, hereby alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### **Nature of the Action**

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### **Parties**

2. Plaintiff is a natural person residing in Harford County, in the city of Havre de Grace, Maryland and is otherwise *sui juris*.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a Limited Partnership conducting business in the state of Maryland, and has its principal place of business in Houston, TX.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because Defendant conducts business in Maryland, personal jurisdiction is established.

9. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

**Factual Allegations**

10. On or around January 12, 2020, Defendant placed a collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

11. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone number at (410) XXX-0094.

13. On or around January 12, 2020, Defendant left a voicemail on Plaintiff's answering machine.

14. In the voicemail message, Defendant failed to meaningfully disclose the company's name, the nature of the call or state that the call was from a debt collector.

15. In the voicemail message, Defendant directed Plaintiff to call back telephone number (800) 285-3417, which is a number that belongs to Defendant.

16. In the voicemail message, Defendant failed to disclose the purpose of its call was to collect a debt allegedly owed by Plaintiff.

17. Defendant is engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with attempting to collect on a debt by failing to meaningfully disclose its identity in phone calls.

18. Defendant is also using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## **FIRST CAUSE OF ACTION**
## **DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.***

19. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-18.

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

   b. Defendant violated *§1692(d)(6)* of the FDCPA by placing a telephone call without meaningfully disclosing its identity;

   c. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and

   d. Defendant violated *§1692(e)(11)* of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

## FIRST CAUSE OF ACTION

21. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

22. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

23. Awarding such other and further relief as may be just, proper and equitable.

## JURY TRIAL DEMAND

24. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Date: July 6, 2020

*/s/ Anitra Ash-Shakoor*
Anitra Ash-Shakoor, Esquire
Capital Justice Attorneys, LLP
1325 G Street NW, Suite 500
Washington, DC 20005
Tel: (202) 465-0888
Fax: (202) 827-0089
Email: a.ashshakoor@capitaljustice.com


James A. Sellers, II
*(Pro hac vice* application to follow)
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92590
Tel: (657) 363-4699
Fax: (657) 363-6611
Email: jamess@jlohman.com